UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ROBERTA CRADDOCK,                               :
                                                :     CASE NO. 1:14-cv-01328
          Plaintiff,                            :
                                                :
v.                                              :     OPINION & ORDER
                                                :     [Resolving Docs. 1, 18, 19]
CAROLYN W. COLVIN,                              :
ACTING COMMISSIONER OF SOCIAL                   :
SECURITY,                                       :
                                                :
          Defendant.                            :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

  Plaintiff Roberta Craddock seeks review of an Administrative Law Judge's ("ALJ") denial of her application for Disability Insurance Benefits ("DIB").[1] Magistrate Judge Limbert issued a Report and Recommendation ("R&R") recommending that Craddock's complaint be dismissed.[2] Craddock timely objected to the R&R.[3]

  The issue in this case is whether the ALJ's failure to consider a report from a Certified Nurse Practitioner ("CNP") requires a remand. Magistrate Judge Limbert concluded that the CNP's report does not contain professional opinions, and that even if it does, failure to consider these opinions is harmless error.[4]

  The Court respectfully disagrees with both conclusions. Therefore, the Court **SUSTAINS** Plaintiff's objections, **REJECTS** the R&R, and **REMANDS** the case for further hearings consistent

---

[1] Doc. 1; Doc. 17.
[2] Doc. 18.
[3] Doc. 19.
[4] *Id*. at 10-12.

Case No. 1:14-cv-01328
Gwin, J.

with this opinion.

## I. Background

On April 25, 2011, Plaintiff Craddock applied for disability benefits. She alleged disability due to back pain; arthritis in her hands, shoulder, back and knee; diabetes; depression; diabetic neuropathy; high blood pressure; torn ligaments in her knees; carpal tunnel syndrome in both hands; and a disc problem in her back.[5/] The Social Security Administration ("SSA") denied Craddock's application initially and on reconsideration.[6/] On October 16, 2012, Craddock received a hearing before an ALJ.

At the hearing, Craddock offered evidence including an October 2, 2012, report from CNP Lynn Gaddis. After examining Craddock, CNP Gaddis prepared a visit summary. In a section of Gaddis's summary, labeled "Pain," CNP Gaddis had written "Sitting - can't sit for more than 30 minutes," and "Standing - can't stand for more than 10 minutes." In a section labeled "Impression," CNP Gaddis wrote that Craddock had "difficulty sitting or standing for long periods of time."[7/]

Craddock also submitted a statement from Lynn Cuellar, a church friend. With her statement, Cuellar stated that Craddock sits in the lobby at church rather than in the chapel because the lobby chairs are more padded. Nonetheless, "it seems as if she is fighting back tears due to her back pain."[8/]

On January 4, 2013, the ALJ issued a decision denying Craddock's application.[9/] The ALJ determined that Craddock's residual functional capacity ("RFC") allowed her to perform light work

---

[5/] Doc. 11 at 137-38.
[6/] *Id.* at 69-67.
[7/] *Id.* at 465-66.
[8/] *Id.* at 240.
[9/] *Id.* at 9.

Case No. 1:14-cv-01328
Gwin, J.

with a number of limitations.[10] The ALJ did not mention CNP Gaddis's report or Lynn Cuellar's statement in his decision.[11] On April 22, 2014, the SSA Appeals Council denied review.[12]

## II. Legal Standards

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of an R&R to which the parties have made an objection.[13] A final decision of SSA is not itself, however, reviewed *de novo*. A district court determines only whether the ALJ's decision was "supported by substantial evidence and was made pursuant to proper legal standards."[14]

Substantial evidence is relevant evidence that a "reasonable mind might accept as adequate to support a conclusion."[15] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[16]

SSA regulations require an ALJ to consider all relevant evidence in the case record before reaching a decision.[17] Relevant evidence includes opinions from "acceptable medical sources," as as well as opinions from other medical sources "who have seen the individual in their professional capacity."[18] CNPs fall into the latter category.[19]

---

[10] *Id.* at 21.
[11] *See id.*
[12] *Id.* at 1-7.
[13] 28 U.S.C. § 636(b)(1).
[14] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[15] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks omitted).
[16] *Id.*
[17] *Gayheart v. Comm'r of Soc. Sec.*, 701 F.3d 365, 378 (6th Cir. 2013).
[18] *Id.* (quoting SSR-06-03P (S.S.A. Aug. 9, 2006)).
[19] *See* SSR-06-03P (S.S.A. Aug. 9, 2006) ("With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.").

Case No. 1:14-cv-01328
Gwin, J.

An ALJ's failure to follow SSA rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified upon the record."[20] Furthermore, "a court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record."[21]

### III. Discussion

Craddock makes three objections to the R&R. First, she says that CNP Gaddis's report was a professional opinion. Second, she argus that the failure to consider CNP Gaddis's statements was not harmless error. Third, Craddock claims the failure to consider Lynn Cuellar's statements was not harmless.[22]

### A. Professional Opinion in CNP Gaddis's Report

Magistrate Judge Limbert found that "the sitting and standing limitation statements made by CNP Gaddis in her October 2, 2012 treatment note are not opinions, but rather are her documentation of Plaintiff's subjective reports of pain and resulting limitations." Magistrate Judge Limbert focuses on the section of CNP Gaddis's report labeled "Pain," which uses the phrase "[p]atient describes pain" before outlining some of Craddock's symptoms.

However, CNP Gaddis's report also contains a section labeled "Impressions," which follows sections labeled "Pain," "Treatments," and "Exam." Magistrate Judge Limbert does not reference the "Impressions" section in his R&R. The Court reads the report as a whole, rather than focusing only on the "Pain" section.

---

[20] *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (citations omitted)).
[21] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).
[22] Doc. 19.

-4-

Case No. 1:14-cv-01328
Gwin, J.

The better interpretation is that the "Impressions" section contains CNP Gaddis's opinions about Craddock's symptoms after CNP Gaddis took a history from Craddock and performed a physical exam. A section labeled "Plan" follows immediately after, suggesting that "Impressions" contains conclusions from which a treatment plan can be developed.

Furthermore, CNP Gaddis specifically indicates where she is recording Craddock's own subjective descriptions in the report, using phrases such as "[p]atient describes pain . . ."; "[p]atient feels that medications . . ." and "patient states . . ."[23] CNP Gaddis does not use similar language when she states that Craddock has "difficulty sitting or standing long periods of time."

The Court finds that CNP Gaddis's report contains professional opinions, including her impression that Craddock has "difficulty sitting or standing long periods of time."

**B. Evaluating Harmless Error**

Magistrate Judge Limbert notes, "if the Court finds in the instant case that CNP Gaddis' October 2, 2012 document is an assessment or an opinion, the ALJ in the instant case should have indicated the weight that he gave to the opinion and he should have explained the weight so given. The ALJ did not do so in this case."[24]

However, Magistrate Judge Limbert recommends that even if CNP Gaddis's report is found to contain professional opinions, the failure to consider these constitutes harmless error. Magistrate Judge Limbert points to other clinical evidence suggesting that Craddock is not disabled, and concludes that substantial evidence nonetheless supports the ALJ's findings.[25]

---

[23] Doc. 11 at 461-62.
[24] Doc. 18 at 11.
[25] *Id*.

Case No. 1:14-cv-01328
Gwin, J.

But the ALJ's failure to consider or even mention CNP Gaddis's opinion constitutes a failure to follow SSA regulations. SSR 06-03p provides that the ALJ's opinion "should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources.'"[26/] The Ruling notes that the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."[27/]

The Court finds the ALJ's failure to address CNP Gaddis's opinion was not harmless. The failure to do so constitutes a failure to follow agency rules and regulations; this sort of failure is not excusable as harmless just because substantial evidence supports the ALJ's decision.[28/] An ALJ's "failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'"[29/]

Therefore, the Court **SUSTAINS** Craddock's first and second objections, and **REMANDS** this case so that CNP Gaddis's report can be specifically addressed.

**C. Third Party Statement from Lynn Cuellar**

The ALJ's decision makes no reference to the third party statement submitted from Lynn Cuellar. Other sources, such as friends, may provide evidence to show the severity of a claimant's impairment and how it impacts a claimant's ability to work. Magistrate Judge Limbert concludes that

---

[26/] SSR-06-03P (S.S.A. Aug. 9, 2006).
[27/] *Id*.
[28/] *See Wilson*, 378 F.3d at 546 ("[T]to recognize substantial evidence as a defense to non-compliance with [an SSA rule] would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory.").
[29/] *Cole*, 661 F.3d at 940 (quoting *Blakely*, 581 F.3d at 407).

Case No. 1:14-cv-01328
Gwin, J.

although the "ALJ should have addressed Ms. Cuellar's opinion in his decision, the ALJ's failure to do so does not require remand."[30]

In this case, the ALJ spent significant time discussing the medical records presented for his review in rendering his decision. In isolation, the failure to address Ms. Cuellar's statement would not warrant a remand.[31] However, because the case is being remanded on other grounds, the ALJ should explicitly consider Ms. Cuellar's statement to better comport with the principles in SSR 06-03p. Therefore, the Court **SUSTAINS** Craddock's third objection, and **REMANDS** so that Ms. Cuellar's statement can be specifically addressed.

### IV. Conclusion

For the reasons above, the Court **SUSTAINS** Plaintiff Craddock's objections, **REJECTS** the R&R, and **REMANDS** the case for further hearings consistent with this opinion.

IT IS SO ORDERED.


Dated: August 6, 2015              s/     *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[30] Doc. 18 at 13.
[31] *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842 (6th Cir. 2005).